11854

STATE v. BENJAMIN *ET AL.*

(130 S. E., 209)

HOMICIDE—DEFENDANT, ADVISING HIS CODEFENDANT IN ACTUAL KILLING, THEREBY BECAME EQUALLY RESPONSIBLE.—Evidence that defendant, being very drunk at and following his wedding, was being placed in his car by deceased and two others, whom he was resisting, and when asked by his brother, "William, is he choking you?" answered "Yes; shoot him! shoot him!" whereupon the brother shot three times, killing deceased, *held,* to show that killing would not have occurred, but for advice and counsel of defendant to his brother, rendering him equally responsible therefor.

Before DENNIS, J., Darlington, June, 1925. Affirmed.

Walter Benjamin and William Benjamin were convicted of manslaughter, and William Benjamin appeals.

Evidence in this case fairly tends to show that William Benjamin, at and following his wedding on the 21st day of February, 1925, was very drunk, and that on his becoming disorderly deceased and two others, all of whom were on friendly terms with each other, attempted against his wishes to put him in his automobile; that, while so engaged, defendant, Walter Benjamin, William's brother, approached the car and asked, "William, is he choking you?" and, on being answered, "Yes; shoot him! shoot him!" he shot three times, killing deceased.

*Mr. P. F. McEachin,* for appellant, cites: *Accessory before fact:* Crim. Code 1922, Section 920. *Duty of Court to charge general law without request:* 109 S. E., 245; 95 S. E., 510. *Evidence consistent with either guilt or innocence requires acquittal:* 173 Fed., 740; 5 Fed. (2nd), 51.

*Mr. M. J. Hough, Solicitor,* for respondent.

November 6, 1925.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The defendants, William Benjamin and Walter Benjamin, were indicted jointly in the Court of General Sessions for Darlington County upon three counts—the first charging William Benjamin as an accessory before the fact to the murder of Joe Copeland; the second charging him with the murder of Joe Copeland; and the third charging him as an accessory after the fact to the murder of Joe Copeland.

The case was tried before Hon. E. C. Dennis, presiding Judge, and a jury. Both defendants were convicted and sentenced.

The following are the exceptions of the appellant:

"(1) That his Honor erred in refusing the motion for a directed verdict as to William Benjamin.

"(2) That his Honor erred in failing to charge the jury, the law applicable to the defendant, William Benjamin's act in the alleged offense; i. e., that the jury must find beyond a reasonable doubt, not only that William Benjamin gave the advice to shoot, but that Walter Benjamin acted upon this advice, and was moved or aided and abetted by this advice to shoot Joe Copeland.

"(3) That the evidence was insufficient to support a conviction for manslaughter as to the defendant, William Benjamin.

"(4) That the evidence was just as consistent with the defendant, William Benjamin's innocence as with his guilt, and the jury should have acquitted this defendant.

"(5) That there was no evidence to show that William Benjamin aided or abetted Walter Benjamin in the shooting of Joe Copeland.

"(6) That all the evidence showed that the defendant, Walter Benjamin, when he shot Joe Copeland, was actuated not by the advice of his codefendant, William Benjamin. but shot and killed of his own volition, unaided and not abetted by the advice of William Benjamin."

The exceptions are overruled, as there is ample evidence that the deceased would not have been killed, but for the

advice and counsel of the appellant to his brother, who did the actual killing, and the appellant was guilty as much so as his codefendant, and equally as responsible for the homicide.

There is no merit in the exceptions. All exceptions are overruled, and judgment affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES COTH-RAN and MARION and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.